JOSEPH GNIADCK v. NORTHWESTERN IMPROVEMENT & BOOM COMPANY.

June 23, 1898.

Nos. 11,045—(152).

Navigable Stream—Rights of Public above Low-Water Mark—In re Minnetonka Lake Imp. Applied.

The doctrine stated in Re Minnetonka Lake Improvement, 56 Minn. 513, as to the rights of the public in the space intervening between low-water mark, on a navigable body of water, and ordinary high-water mark, applied to a navigable stream, where a logging company, duly incor-

porated for the purpose under the laws of this state, had constructed a dam, and raised the waters for the purpose of facilitating its business.

**Dam of Boom Company—Flooding Land—Burden of Proof.**

*Held,* in a case where an action was brought to recover for injuries alleged to have been caused by flooding plaintiff's land above such a dam and by reason thereof, that he was bound to show by a preponderance of evidence that the waters which caused the injury were raised by the dam above ordinary high-water mark, as defined in the case above cited, and out of the well-defined channels of the stream.

**Same—Owner's Ditch—Doctrine of "Avoidable Consequences."**

When, for the purpose of draining his meadow land, a party has dug a ditch which, in extreme high water, causes waters penned up and held by such dam to flow over and across the meadow to its injury, the doctrine of "avoidable consequences" is applicable when estimating damages. Consequences of an injury which one can avoid by acting as prudent men ordinarily do act are not to be considered, for it is optional with him to suffer or avoid them.

Action in the district court for Pine county to recover $500. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for $180. From an order, Crosby, J., denying its motion for judgment notwithstanding the verdict and for a new trial, defendant appealed. Reversed.

*Clapp & Macartney,* for appellant.

*L. H. McKusick,* for respondent.

COLLINS, J.

The defendant was a log-driving concern, incorporated under the provisions of G. S. 1894, c. 34, tit. 1, and, among other things, authorized to build and operate sluicing and flooding dams on Kettle river, a navigable stream, for the purpose of improving the navigation and facilitating its business, which of course was public in its nature. It built a dam in the year 1891 on the stream, about 3½ miles below plaintiff's land, and this action was brought to recover for injuries said to have been caused by the setting-back of a large quantity of water upon and over plaintiff's premises.

It was shown at the trial that between the meadow alleged to have been overflowed and the stream, where it passed over and across plaintiff's land, there was a high ridge or "hogsback," through which, for drainage purposes, plaintiff had cut a deep

ditch.  And it is now claimed by defendant's counsel that it was conclusively shown by the evidence that the water which concededly flowed over and across this meadow came through the ditch from the river; in other words, that the ditch served to conduct the waters of the river into and upon the meadow, instead of draining the waters of the latter into the river.

From the evidence, we are of the opinion that it conclusively appeared that, had there been no ditch through the ridge, the meadow would not have been inundated or injured; that, with the ditch dug as it was, the meadow would have been overflowed at times, and would have been injured, had there been no dam built by defendant; and, further, that, in the time of extreme high water, part of that held back and penned up by the dam flowed through the ditch and upon the meadow.  The defendant corporation was authorized by its articles to use these waters for a public purpose, and it therefore had the rights of the public in the stream and within its well-defined banks.  In aid of navigation, it could raise and permanently maintain the water up to ordinary high-water mark, without making any compensation to riparian owners, and without incurring liability in case of injury to them.

While the title of a riparian owner in navigable or public waters extends to ordinary low-water mark, his title is not absolute except to ordinary high-water mark.  As to the intervening space, the title is limited or qualified by the public right.  The state may use this space for the purpose of navigation, and within the well-defined banks and below ordinary high-water mark the public right is supreme.  In re Minnetonka Lake Improvement, 56 Minn. 513, 58 N. W. 295.  And it was this public right which was acquired and held by defendant under the statutes and its articles of association. Therefore, before he could recover for alleged injuries to his premises, plaintiff was bound to show by a preponderance of evidence that by means of its dam defendant raised the waters above ordinary high-water mark and out of the well-defined channels of the stream, and that the injuries complained of were the result.  This was not done.  If, at the stage of the stream above indicated, the waters flowed into the ditch dug by plaintiff and thence in and upon his land, he could not recover.  There would be no greater liability

on the part of defendant than there would be if the bottom of the ditch was at or below low-water mark, and, as an inevitable consequence, the whole stream had been turned in upon plaintiff's premises. The injury in either case would be caused by plaintiff's own act, not by any wrongful act of defendant.

In view of a new trial, it may be well to suggest that, even if the ditch was so dug that water would not flow into it by reason of the dam, unless the stream was raised above ordinary high-water mark as defined in Re Minnetonka Lake Improvement, supra, plaintiff might not be justified in failing to protect himself from injury if he could do so by using reasonable precautions; such, for instance, as closing the outlet of the ditch in extreme high water, and at small expense, by means of a gate or bulkhead. The doctrine of "avoidable consequences" is applicable in such a case. Consequences of an injury which one can avoid by acting as prudent men ordinarily do act are not to be considered, for it is optional with him to suffer or avoid them. 1 Sedgwick, Dam. §§ 201, 202.

Order reversed, and a new trial granted.